**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAY STEVEN HEIDE,**

                               **Petitioner,**

          v.                                            CASE NO. 22-3128-SAC

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                               **Respondents.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Jay Steven Heide, who is a Kansas prisoner incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court will dismiss this matter for lack of jurisdiction.

In 2014, Petitioner pled guilty or no contest Butler County District Court to a felony drug offense and to aggravated indecent liberties with a child. *Heide v. Secretary of Corrections*, 2021 WL 1056499, *2 (D. Kan. Mar. 18, 2021). He was convicted and sentenced to 216 months in prison. (Doc. 1, p. 1.) In February 2021, Petitioner filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions. *Heide v. Secretary of Corrections*, Case No. 21-cv-3044-SAC, Doc. 1. The Court dismissed the petition in April 2021 as barred by the

1

statute of limitations. *Heide v. Secretary of Corrections*, 2021 WL 1546217 (D. Kan. April 20, 2021). Petitioner appealed, but the Tenth Circuit dismissed the appeal for lack of jurisdiction based on Petitioner's untimely filing of the notice of appeal. *Heide v. Secretary of Corrections*, 2021 WL 6690277 (10th Cir. Sep. 3, 2021).

On June 22, 2022, Petitioner filed the current pro se petition for habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He also filed a motion to appoint counsel. (Doc. 2.)

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a successive application for habeas corpus. As noted above, the first application was adjudicated in *Heide v. Secretary of Corrections*, Case No. 21-cv-3044-SAC. Under 28 U.S.C. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, a

federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). When deciding if the interest of justice requires transfer to the Tenth Circuit for authorization to proceed with this successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id.* at 1251.

As with Petitioner's previous § 2254 petition, this matter appears time-barred. Thus, it would not serve the interest of justice to transfer the petition to the Tenth Circuit for possible authorization of this successive § 2254 petition. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition. Because the Court must dismiss this matter for lack of jurisdiction, it will deny Petitioner's motion to appoint counsel (Doc. 2) as moot.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

3

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue. Because the matter is dismissed for lack of jurisdiction, the motion to appoint counsel (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED.**

DATED:  This 6th day of July, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge